# REPORTS OF CASES

### DETERMINED IN

# THE SUPREME COURT,

## NOVEMBER TERM, 1878.

[No. 5117.]

## S. W. LEVY *v.* J. C. HAAKE, AND CHRISTINA F. HAAKE, HIS WIFE, E. W. BURR, B. D. DEAN, SAVINGS & LOAN SOCIETY, AND S. B. PETERSON.

MORTGAGE—FORECLOSURE PENDING BANKRUPTCY PROCEEDINGS.—Where a creditor of a bankrupt, whose claim is secured by a mortgage, has gone into the United States District Court as a Court of Bankruptcy, proved his claim and subjected it to the jurisdiction of that Court; and the Bankruptcy Court has, by an order to which the creditor was a party, made on application of another creditor having a prior lien on the mortgaged premises, directed a sale of the premises, the proceeds thereof beyond the sum admitted to be secured by the prior lien, "to abide a further hearing" between the two claimants ; the mortgagee cannot, after the sale, foreclose his mortgage in a District Court of the State, while the proceedings in respect to the disposition of the proceeds of the sale are still pending in the Bankruptcy Court.

APPEAL from the District Court of the Fourth Judicial District.

Action by second mortgagee to foreclose property of a bankrupt, and thus assert his claim against the first lien-holder. The facts are stated in the opinion.

[ 267 ]

*Pringle & Hayne,* for Appellant.

The proceeding was not an interference with the administration of the bankrupt's estate by the Bankrupt Court, unless restrained or forbidden by that Court. In case of such restraining, the action of the bankrupt is by injunction or process for contempt against the actors, and does not divest the State Court of jurisdiction. The consent or refusal of the Bankrupt Court cannot confer or withhold jurisdiction from the State Courts. (Bump's Law and Pr. of Bankruptcy, 8th Ed., p. 212; *Reed* v. *Bullington,* 49 Miss. 228; *Pierce* v. *Wilcox,* 40 Ind. 75; *Cole* v. *Duncan,* 58 Ill. 176; *Whitridge* v. *Taylor,* 66 N. C. 273.)

The proceeding was not in any sense an interference with the management of the bankrupt's estate. For that estate has no interest in the result. The contest is merely between the two lien-holders. The sale made by Burr & Dean, if allowed to stand, takes the title of the bankrupt's estate. The sale is attacked only in the interest of the plaintiff. No resultant interest can be presumed to go to the estate, for the assignee took no steps to save the property from the liens, nor to realize any value in excess of the liens, nor to make objection to the sale. He must be presumed to have accepted the showing made by the complaint, that the value of the property does not exceed the amounts charged against it.

This proceeding is altogether different from a contest over a surplus in the Bankruptcy Court. For this is an equitable proceeding, claiming against the sale and not under it. · A contest over the surplus could not possibly reach the relief required by this state of facts. It is clear, beyond controversy, that only a bill in equity could afford adequate remedy. And the only question is whether such bill is improperly brought in a State Court.

The State Courts have not been deprived of jurisdiction in ordinary cases in law and equity, even where jurisdiction has been conferred on the Bankruptcy Court. (*Dambmann* v. *White,* 48 Cal. 452; *Gilbert* v. *Priest,* 63 Barb. 339.)

*Cowles & Drown*, for Respondents.

The District Courts of the United States are vested with full chancery and common-law powers to act in all cases arising under the Bankrupt Law. (Revised Stats. U. S. sec. 4972; Bump's Law and Prac. of Bankruptcy, 9th ed., 207–323, and authorities there cited.)

The order and decree made by the United States District Court is clearly within the general scope of its powers. (Revised Stats. U. S. sec. 5075; Bump's Law and Prac. of Bankruptcy, 9th ed., 172–173.)

The estate surrendered was placed in the custody and under the protection of the Court of Bankruptcy as fully as if actually brought into its visible presence. This jurisdiction attaches as soon as the proceedings are commenced, and after that time no other Court, and no person acting under any process from any other Court, can interfere with or withdraw the property so surrendered, or determine, in any degree, the manner of its disposition. (Bump's Law and Prac. of Bankruptcy, 9th ed., 210, and authorities there cited.)

The jurisdiction of the United States District Court over the person of the plaintiff in making this decree would, if necessary, be presumed; but no such presumption need be invoked, for the decree, carefully protecting as it does the rights of the plaintiff as asserted in his complaint, shows, which is the fact, that he had appeared in the proceeding, and subjected himself to its jurisdiction.

The United States District Court having a clear and unquestioned jurisdiction over the subject matter of this action, had exercised that jurisdiction, directing a sale of the lots, and the disposition which should be made of the proceeds, a portion of which was to be paid into Court, to abide its further order upon a hearing between the parties.

The order and decree of the United States District Court was an exercise of its jurisdiction, under sec. 4972, Revised Stats. U. S., which made it exclusive, and the State Court properly held that it had no jurisdiction over the subject matter of this suit. (*Smith* v. *McIver*, 9 Wheat. 532; *Peck* v. *Jen-*

ner, 7 How. 624; *Hines & Hobbs* v. *Rawson*, 10 Ga. 350; *Williams* v. *Benedict*, 8 How. 107; *Wiswell* v. *Sampson*, 14 How. 52; *Reale* v. *Phipps*, 14 How. 368; *Taylor* v. *Camyl*, 20 How. 596; *Freeman* v. *Howe*, 24 How. 450; *Hawes* v. *Orr*, 10 Bush. 439; *West* v. *Morrison*, 2 Disn. 415.) The plaintiff's remedy is by proper proceeding in the Federal Court.

By the Court, McKINSTRY, J.:

In March, 1868, Haake and wife conveyed certain real estate, called in the record the "homestead," to Burr and Dean, trustees, to secure defendant, the Savings and Loan Society, the payment of his promissory note for two thousand five hundred dollars, and all further indebtedness of said Haake to the Society during the continuance of the trust, not exceeding four thousand dollars. In April, 1870, Haake and wife mortgaged the same premises to plaintiff, to secure the sum of four thousand dollars then loaned by plaintiff to them. When plaintiff was about to advance his four thousand dollars to Haake, he inquired of Burr and of the Society how much indebtedness of the said Haake to the Society was secured by the deed of trust, but Burr and the Society refused to give any information in that behalf. Haake informed plaintiff that there was no other indebtedness so secured except upon the said promissory note of two thousand five hundred dollars, and that there was then only one thousand four hundred dollars due on said note. Plaintiff had no notice or information to the contrary. On the 10th day of November, A. D. 1871, the plaintiff tendered to Burr and the Society the sum of two thousand dollars in payment of what was then unpaid, secured by the deed of trust; but they refused to accept the same, and alleged that other moneys were due and secured. No other moneys, except the said two thousand dollars, were in fact due and secured as aforesaid. On the 14th of February, 1871, Haake was adjudged a bankrupt by the District Court of the United States. The Savings and Loan Society proved its claim and also another claim, secured in like manner upon another lot, against the bankrupt's estate— the two amounting in the aggregate to thirteen thousand six

hundred and twenty-eight dollars, of which ten thousand seven hundred and eighty-one dollars were secured on the real estate above mentioned, and the whole sum on another tract known as the Steuart Street lot; and afterwards made application to the said District Court to be allowed to proceed under the deeds of trust to make sale of the two tracts of land. The District Court, upon a hearing of said application, made the following order: " Ordered and decreed that the said Savings and Loan Society have leave to proceed with a sale in accordance with said deeds of trust; that the said lot of land on Steuart Street be first sold, and the proceeds applied to the payment of the indebtedness aforesaid; and that after such sale and the appropriation of the proceeds, the said homestead lot be then sold, and that the proceeds of the sale of said homestead lot, after payment of the sum of two thousand dollars tendered by Levy [the plaintiff] to said Society, abide the further order of the said District Court, to be made upon hearing between the said Levy [plaintiff] and the said Society."

The foregoing facts are set forth in the complaint, and it is further alleged that no such hearing as that provided for in the order has ever been had, " because, through the false and fraudulent pretenses hereinafter set forth, no real proceeds of sale ever existed, and no actual or valid sale was ever made of the lots of land. That on the 30th of April, 1873, accounts between Haake and the Society were adjusted between them at ten thousand dollars, to be paid by Haake to the Society; and it was then agreed between Haake and the Society that upon pretended sales to be made by Burr and Dean the two lots should be bid off for and on behalf of Haake, to such persons as he, the said Haake, should designate. That thereupon the two lots were offered for sale at auction by Burr and Dean, who, with Haake and the Society, caused the Steuart Street lot to be bid off and assigned to one Weissich at the price of six thousand three hundred dollars, and the homestead lot to be assigned to the defendant Peterson at the price of four thousand five hundred dollars. That plaintiff had no actual notice of the time of the sale. That the defendant Peterson had notice of all the premises, and after such notice advanced the sum of four

thousand five hundred dollars to Haake, paying the same to the Society on his account.    That the Steuart Street lot is of the value of eight thousand five hundred dollars, and the homestead lot of the value of seven thousand five hundred dollars.    That by the tender of the two thousand dollars to the Savings and Loan Society all the lien and claim of the Society against the homestead lot was discharged, and the Society had no right to make any sale." The *prayer* is to subject the lot to plaintiff's mortgage, without any personal judgment against Haake and wife; and if Peterson be in fact a purchaser in good faith, without notice, for judgment against Burr, Dean, and the Society for the value of the lot over and above two thousand dollars.

The defendants severally demurred to the complaint, on the grounds that the State Court had no jurisdiction of the subject of the action, and that the complaint does not state a cause of action.    The demurrers were sustained, and plaintiff appeals.

We may assume, from the terms of the order, and because the contrary does not appear from the complaint, that plaintiff proved his claim against the estate of the bankrupt, and submitted it to the jurisdiction of the District Court of the United States as a Court of Bankruptcy.

"The jurisdiction of the Courts of Bankruptcy extends to all cases and controversies arising between the bankrupt and any creditor or creditors who claim any debt or demand under the bankruptcy; to the collection of all the assets of the bankrupt; to the ascertainment and liquidation of the liens and other specific claims thereon; *to the adjustment of the various priorities and conflicting interests of all parties ; and to the marshalling and disposition of the different funds and assets*, so as to secure the rights of all parties, and due distribution of the assets among all the creditors; and to all such matters and things to be done under and in virtue of the bankruptcy, until the final distribution and settlement of the estate of the bankrupt, and the close of the proceedings in bankruptcy." (Bump's Bankruptcy, 207.)

It is not denied by appellant that the Bankruptcy Court had power to make the order recited in the complaint, and the power must be conceded. Nor can it be doubted that the Bank-

ruptcy Court also had power to enforce the due execution of its order, to prevent any abuse under color of it, and to set aside any fraudulent practice carried into effect under pretense of obedience to it.

Inasmuch as plaintiff proved his claim in the Bankruptcy Court, it must be presumed (nothing appearing to the contrary) that it was proved and he was admitted as a creditor in the manner and with the conditions required by the Bankrupt Law. By sec. 5075 of that law, it is provided: "When a creditor has a mortgage or pledge of real or personal property of the bankrupt, he shall be admitted as a creditor only for the balance of the debt after deducting the value of such property, to be ascertained by agreement between him and the assignee, *or by a sale thereof to be made in such manner as the Court shall direct*, or the creditor may release and convey his claim to the assignee upon such property, and be admitted to prove his whole debt. * * * If the property be not *so sold* or released and delivered, the creditor shall not be allowed to prove any part of his debt."

Here, by an order in proceedings to which plaintiff was a party, provision was made for the sale of the property under the supervision and subject to the control of the Court in Bankruptcy.

It further appears, by allegations in the complaint, that there now awaits the order of the District Court of the United States the sum of two thousand five hundred dollars, (the proceeds of the sale of the homestead lot in excess of the sum of two thousand dollars) to which, by the terms of the order recited, the plaintiff may assert his right in that Court. It is difficult to understand the reasoning which would authorize him to abandon the bankruptcy proceedings, and retire himself without the scope and binding obligation of the order, while the execution thereof is *in fieri*. From the very nature of the jurisdiction which has thus attached, it must be exclusive, and the circumstances present a different case from the ordinary prosecution in the State Courts of a claim provable in the Bankrupt Court.

The defendant Peterson, by becoming a purchaser at the sale under the direction of the Bankruptcy Court, made himself

a party to any proceeding in that Court with respect to the sale. For aught that appears in the complaint, the plaintiff may, if he is able to make a proper showing to entitle him to any relief, obtain an order from that Court setting aside the sale, and subjecting the homestead lot, or both lots, to a resale.

Judgment affirmed.    Remittitur forthwith.